**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TERESA MCKINNEY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. _____** |
| | § | |
| **M&W RESTAURANTS, INC.** | § | |
| **d/b/a PEPE'S MEXICAN CAFE** | § | |
| **and BUFORD MITCHELL a/k/a** | § | |
| **J.R. MITCHELL** | § | |
| **_Defendants_.** | § | **JURY DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff, TERESA MCKINNEY, complaining of M&W RESTAURANTS, INC. d/b/a PEPE'S MEXICAN CAFE and BUFORD MITCHELL, a/k/a J.R. MITCHELL, and for cause of action would show the Court the following:

### A. Parties

1.    Plaintiff, TERESA MCKINNEY (MCKINNEY), is a female individual who is a citizen and resident of Brazos County, Texas.

2.    Defendant, M&W RESTAURANTS, INC. d/b/a PEPE'S MEXICAN CAFE, is a domestic for-profit corporation in the State of Texas and may be served with process by serving its registered agent, Ken Martin, or another person authorized to accept service at 3231 E. 29th St., Bryan, Texas, 77802.

3.    Defendant, BUFORD MITCHELL a/k/a J.R. MITCHELL is a male individual who may be served at 4212 Old Cottage Rd., Apt. 14, Bryan, Texas 77801, or where he may be found.

**B. Jurisdiction**

4.     The court has jurisdiction over the lawsuit because this suit arises under 42 U.S.C. §21, The Civil Rights Act of 1964, as amended.

5.     Plaintiff, TERESA MCKINNEY, is a female who was discriminated against by her employer because of her sex. She was further subjected to a hostile work environment and constructively discharged.

6.     The amount in controversy is within the jurisdictional limits of this Court.

**C. Venue**

7.     Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district.

**D. Administrative Conditions Precedent**

8.     On or about May 13, 2013, Plaintiff, TERESA MCKINNEY, filed a Charge of Discrimination with the Civil Rights Division of the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on sex.  Plaintiff received a Notice of Right to Sue (Exhibit "1") from the Commission dated November 14, 2013, and has sued within ninety (90) days of receipt of the notice.

**E. Summary of Facts**

9.     Plaintiff, TERESA MCKINNEY, first began her employment for Defendant, M&W RESTAURANTS, INC. d/b/a PEPE'S MEXICAN CAFE, in April 2007 as a cashier.

10.    Ms. McKinney began to be sexually harassed by J. R. Mitchell, another Pepe's Mexican Cafe employee, beginning in December 2011, soon after Mitchell began employment.

11.     J. R. Mitchell would harass Ms. McKinney nearly every working day by sliding his hand across her rear end.  Additionally, he would make sexual noises and lick his lips while examining Ms. McKinney's body.

12.     Ms. McKinney reported this harassment to the assistant manager, Brad Wyatt. Additionally, the harassment was reported to the store manager, Kip Martin, at least four (4) times.

13.     On March 5, 2013, J. R. Mitchell grabbed Ms. McKinney by the waist and rubbed his clothed genitals on her buttocks.   After this incident, Ms. McKinney complained about the harassment to Kip Martin and preserved this conversation by recording it with her phone.

14.     During this complaint, Kip Martin admits that talking to J. R. Mitchell has not remedied the situation.  His only solution was an offer to install cameras in the restaurant within the next three (3) to four (4) months.

15.     On March 6, 2013, Ms. McKinney was constructively discharged after the store manager failed to offer an adequate remedy to the harassment.

### F. Sexual Harassment

16.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

17.     Defendants' continued harassment of Plaintiff, TERESA MCKINNEY, despite competent and diligent performance by the Plaintiff, constitutes sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

18.     The harassment of Plaintiff was based on her sex (female).

19.     As a result of this harassment, and the Defendants' refusal to take action on Plaintiff's complaints, Plaintiff was constructively discharged in violation of 42 U.S.C. § 2000, et seq.

## G. Hostile Work Environment

20.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

21.     Plaintiff, TERESA MCKINNEY, was subjected to a hostile work environment.

22.     Defendants' conduct created an environment that a reasonable person would find hostile and abusive.

23.     The sexual harassment was pervasive and severe and altered the terms and conditions of Plaintiff's employment.

24.     Defendants were made aware of the hostile work environment on numerous occasions and failed to take remedial measures.

## H.  Assault & Battery

25.     Defendant, J. R. Mitchell, engaged in threatened and actual harmful, offensive and unwanted physical contact with TERESA MCKINNEY'S person.

26.     Defendant, J. R. Mitchell, is liable to TERESA MCKINNEY for the common law tort of assault and battery through his threatened and actual harmful, offensive and unwanted physical contact with TERESA MCKINNEY'S body.

## I.  Damages

27.     Plaintiff seeks unliquidated damages that are within the jurisdictional limits of the Court.

28.   As a direct and proximate result of the sexual discrimination and sexual harassment which resulted in her constructive discharge from the company, the Plaintiff has suffered serious harm, including, but not limited to, lost wages and the value of lost benefits, emotional distress, humiliation and embarrassment among co-workers and others, damage to her credibility, damage to her prospects for future employment, and loss of enjoyment of life.  Also, Plaintiff has suffered because of the non-consensual contact of Defendant, J. R. Mitchell.  In addition, Plaintiff has had to employ counsel for which Plaintiff seeks reasonable attorney's fees.

## J. Punitive Damages

29.   Defendants, M&W RESTAURANTS, INC. d/b/a PEPE'S MEXICAN CAFE and J. R. MITCHELL'S, conduct was an intentional and willful violation of 42 U.S.C. §21, The Civil Rights Act of 1964, as amended and Plaintiff seeks punitive damages against Defendants, M&W RESTAURANTS, INC. d/b/a PEPE'S MEXICAN CAFE and J.R. MITCHELL.

## K.  Attorney's Fees

30.   Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## L.  Demand For Jury

31.   Plaintiff demands a jury trial.

## M.  Prayer

32.     For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff has judgment against Defendants and the Court order relief that includes the following:

1.      Declare Defendants' conduct to be in violation of Plaintiff's rights;

2.      Enjoin the Defendants from engaging in such conduct;

3.      Award Plaintiff front pay and the value of lost benefits for the period of one year;

4.      Award Plaintiff back pay and the value of lost benefits up to the date of front pay accrual;

5.      Award Plaintiff compensatory damages for emotional pain, humiliation, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to her credibility and prospects for future employment;

6.      Award Plaintiff punitive damages;

7.      Order Defendants, M&W RESTAURANTS, INC. d/b/a PEPE'S MEXICAN CAFE and J. R. MITCHELL, to pay Plaintiff's costs and attorney's fees in this action; and,

8.      Order and grant other relief as is proper and just.

Respectfully submitted,

LAW OFFICES OF KEITH LOVELACE
8303 Southwest Freeway, Suite 975
Houston, Texas 77074-1622

By: /s/ Keith Lovelace_____
        Keith Lovelace – SBN 12600700
        713/777-0500 Office
        713/995-5555 Facsimile